# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

| | | |
|---|---|---|
| **LINDA FARLEY, an individual;** | ) | **CASE NO:** 3:17-cv-04117 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE:** |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATION OF:** |
| | ) | |
| **KING'S DAUGHTERS MEDICAL** | ) | **ERISA SECTION 502(a)(1)(B)** |
| **CENTER LONG TERM DISABILITY** | ) | |
| **CLASS 1, an Employee Welfare Benefit** | ) | **[29 USCS 1132(a)(1)(B)]** |
| **Plan; LIBERTY LIFE ASSURANCE** | ) | **[29 USCS 1132(g)]** |
| **COMPANY OF BOSTON, a Massachusetts** | ) | |
| **Corporation; and DOES 1 through 5,** | ) | |
| **inclusive,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Linda Farley ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1.     The Plaintiff is an individual residing in Boyd County, Kentucky.  She was an employee of King's Daughters Health System.  By virtue of her employment, she qualified for disability benefits.

2.     Plaintiff is informed, believes and thereupon alleges that Defendant, King's Daughters Medical Center Long Term Disability Class 1, is an employee welfare benefit plan, organized and existing under the laws of Kentucky and doing business in the Southern District of West Virginia.

1

3.      Plaintiff is informed, believes and thereupon alleges that Defendant, Liberty Life Assurance Company of Boston, is a corporation existing under the laws of Massacusetts and doing business in the Southern District of West Virginia.

4.      The true names and capacities of the Defendants sued herein as Does 1 through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein.  Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

**Jurisdiction and Venue**

5.      Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question).  Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

6.      King's Daughters Health System adopted an employee benefit plan titled King's Daughters Medical Center Long Term Disability Class 1.  The Plan was at all material times a duly organized, existing and qualified plan.  A copy of the Plan is attached hereto as *Exhibit* A and incorporated herein by reference.

7.      The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8.    All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable.  Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9.    The Plan provided for the payment of disability benefits in the event a Plan participant became disabled.

10.    According to the terms of the Plan, disability is defined in the following ways:

**"Disability"** or **"Disabled"** means

> i.      that during the elimination period and the next 36 months of Disability you, as a result of your Injury or Sickness, are unable to perform the Material and Substantial Duties of your Own Occupation; and

> ii.     thereafter, you are unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

11.    On or about February of 2013, Plaintiff left work and began receiving Short Term Disability Benefits.

12.    By letter dated June 4, 2013, Defendant, Liberty Life Assurance Company of Boston denied Plaintiff additional Short Term Disability Benefits.

13.    The Social Security Administration determined that Plaintiff was disabled on June 21, 2013.

14.    By June 21, 2013, the Plaintiff became disabled under "Own Occupation" and "Any Occupation" definitions of disability in the Plan.

15.    The Plaintiff then retained the undersigned counsel, and an appeal of this denial of additional Short Term Disability Benefits was filed with Defendant, Liberty Life Assurance Company of Boston on December 2, 2013.

16.     By letter dated December 19, 2013, Defendant, Liberty Life Assurance Company of Boston reinstated Plaintiff's Short Term Disability Benefits through July 19, 2013.

17.     By letter dated January 16, 2014, Defendant, Liberty Life Assurance Company of Boston determined that Plaintiff was not eligible for Long Term Disability Benefits.

18.     The undersigned appealed this denial of Long Term Disability Benefits by letter dated July 10, 2014.

19.     By letter dated September 9, 2014, Defendant, Liberty Life Assurance Company of Boston reinstated Plaintiff's Long Term Disability Benefits.

20.     By letter dated April 28, 2015, Defendant, Liberty Life Assurance Company of Boston determined that Long Term Disability Benefits were not payable to Plaintiff beyond July 19, 2016.

21.     Plaintiff received her Notice of Award for Supplemental Security Income by letter dated June 12, 2015.

22.     The undersigned appealed Plaintiff's denial of Long Term Disability Benefits beyond July 19, 2016 by letter dated October 26, 2015.

23.     By letter dated December 22, 2015, Defendant, Liberty Life Assurance Company of Boston reinstated Plaintiff's claim for Long Term Disability Benefits.

24.     By letter dated July 19, 2016, Defendant, Liberty Life Assurance Company of Boston once more determined that Plaintiff was not due Long Term Disability Benefits beyond July 19, 2016.

25.     The undersigned appealed this denial of additional Long Term Disability benefits beyond July 19, 2016 to Defendant, Liberty Life Assurance Company of Boston by letter dated January 16, 2017.

26.     By letter dated March 17, 2017, Defendant, Liberty Life Assurance Company of Boston affirmed its denial of Plaintiff's claim for Long Term Disability Benefits beyond July 19, 2016.

27.     This denial letter dated March 17, 2017, exhausted all available administrative remedies for the Plaintiff's Long Term Disability claim.

28.     The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

        a.     The opinions of her treating physicians, *Exhibit* B; and

        b.     The Notice of Award she received from the Social Security Administration, *Exhibit* C.

29.     Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the Plan and due benefits which the Defendants refuse to pay.   The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

30.     The Court has de novo authority to review the decision of the Plan.

### FIRST CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants King's Daughters Medical Center Long Term Disability Class 1, Liberty Life Assurance Company of Boston, and DOES 1 through 5, inclusive.)**

31.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive.

32.     The Plaintiff is due rights and benefits under the terms of the Plan.

33.     The Defendants denied the Plaintiff the rights and benefits due under the Plan.

34.     The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.   The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

35.     As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

36.     As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1.     Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2.     Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3.     Awarding the Plaintiff prejudgment interest to the date of judgment;

6

4.    Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5.    Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**DATED:**    2nd day of October, 2017

**UNDERWOOD LAW OFFICES**

**By:**    _J. Patrick L. Stephens_
**J. Patrick L. Stephens, WVSB#10262**
**Counsel for Plaintiff**
**Linda Farley**
**923 Third Avenue**
**Huntington, WV 25701**
**Telephone: (304) 522-0508**
**Facsimile: (972) 292-7828**
**Email: pstephens@underwoodlawoffices.com**